**Mrs. Alva WILSON, Plaintiff,**
v.
**CAPITAL AIRLINES, Defendant.**
Civ. No. 337.

United States District Court
E. D. North Carolina,
Elizabeth City Division.
July 5, 1956.

Wilson & Wilson, John H. Hall, Elizabeth City, N. C., for plaintiff.

J. Henry LeRoy, Elizabeth City, N. C., for defendant.

GILLIAM, District Judge.

The defendant has moved under Rule 34, Fed.Rules Civ.Proc. 28 U.S.C.A. for an order "requiring plaintiff and her counsel to exhibit to counsel for defendant the report of Dr. C. E. Boyd made on or about May 13, 1956, and all other statements and reports made by plaintiff's physicians, that defendant's counsel be allowed to make copies of the same for the use in taking (such) depositions on July 6th and July 10th." Notice to take the depositions of Dr. C. E. Boyd

**264**

and Dr. B. L. Coley on the dates mentioned has been given and there is no reason to believe that either of said physicians will fail to appear and testify in compliance with notice to him.

The only reports or statements of the nature referred to in the motion in possession of plaintiff or her counsel are: two letters from Dr. C. E. Boyd to J. Kenyon Wilson, Jr., who is counsel for plaintiff, and one letter from Dr. B. L. Coley, also to such counsel; these letters are in the nature of statements by prospective witnesses, obtained by plaintiff's counsel upon his own initiative, and in connection with the institution of this cause and its preparation for trial.

The plaintiff resists the motion and her counsel asserts that under Rule 34 defendant is not entitled to an order as prayed.

Rule 34, so far as pertinent, is written as follows: "Upon motion of any party showing good cause therefor and upon notice to all other parties, * * * the court in which an action is pending may (1) order any party to produce and permit the inspection * * * by or on behalf of the moving party, of any designated documents * * * not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b)."

In my opinion, plaintiff's resistance of the motion is sustained by reason and the cases, and, therefore, the defendant's motion is denied. I quote from Hickman v. Taylor, 329 U.S. 495, 511, 67 S.Ct. 385, 394, 91 L.Ed. 451: "We do not mean to say that all written materials obtained or prepared by an adversary's counsel with an eye toward litigation are necessarily free from discovery in all cases. Where relevant and non-privileged facts remain hidden in an attorney's file and where production of those facts is essential to the preparation of one's case, discovery may properly be had * * * and production might be justified where the witnesses are no longer available or can be reached only with difficulty. * * * But the general policy against invading the privacy of an attorney's course of preparation is so well recognized and so essential to an orderly working of our system of legal procedure that a burden rests on the one who would invade that privacy to establish adequate reasons to justify production through a subpoena or court order. That burden, we believe, is necessarily implicit in the rules as now constituted." Actually Rule 34 is explicit in its requirements that a party show good cause before obtaining a Court Order. Good cause does not appear on the facts here. It is not alleged. Dr. Boyd and Dr. Coley are available and, as noted above, notice to take the deposition of each has been given. I do not believe that production of the statements obtained from them by plaintiff's counsel in the course of preparation for trial is "essential to the preparation" of defendant's case. I quote again from Hickman v. Taylor, 329 U.S. at page 513, 567 S.Ct. at page 395: "Petitioner's counsel frankly admits that he wants the oral statements only to help prepare himself to examine witnesses and to make sure that he has overlooked nothing. That is insufficient under the circumstances to permit him an exception to the policy underlying the privacy of Fortenbaugh's [the attorney] professional activities. If there should be a rare situation justifying production of these matters, petitioner's case is not of that type."